IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| JAMES M. COUCH, JR., | : | |
| | : | Civil Action File No. |
| Plaintiff, | : | 2:15-cv-00163-WCO |
| | : | |
| vs. | : | Jury Trial Demanded |
| | : | |
| THE CITY OF HELEN, | : | |
| GEORGIA, | : | |
| | : | |
| Defendant. | : | |

---

## COMPLAINT

---

Plaintiff James M. Couch, Jr. ("Mr. Couch"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendant City of The City of Helen, Georgia ("The City of Helen, Georgia") and shows the Court as follows:

1. **INTRODUCTION**

1.

This is an action brought pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff brings this action because Defendant misclassified his position as exempt from the overtime pay provisions of the FLSA and failed to pay him for hours he worked in excess of 40 hours during each work week.

1

2. **JURISDICTION AND VENUE**

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because The City of Helen, Georgia is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

3. **THE PARTIES**

4.

Mr. Couch resides in White County, Georgia.

5.

The City of Helen, Georgia employed Mr. Couch as its Police Chief from May 31, 2012 until July 8, 2015.

6.

Mr. Couch's principle duties as Police Chief of The City of Helen, Georgia required him to function as a "first responder" from May 31, 2012 until July 8, 2015.

7.

At all times material hereto, Mr. Couch has been an "employee" of The City of Helen, Georgia-  a "public agency" as defined in 29 U.S.C. § 203(3)(2)(C).

8.

At all times material hereto, The City of Helen, Georgia – as a "public agency" has been an "employer" of Mr. Couch as defined in 29 U.S.C. §203(d).

9.

The City of Helen, Georgia is a municipal corporation organized under the Constitution and the laws of the State of Georgia.

10.

At all times material hereto, The City of Helen, Georgia has been a "public agency" as defined in FLSA §3(x), 29 U.S.C. § 203(x).

11.

The City of Helen, Georgia is a "public agency" of the State of Georgia within the meaning of 29 USC § 203(s)(1)(C).

12.

The City of Helen, Georgia is subject to the personal jurisdiction of this Court.

13.

The City of Helen, Georgia may be served with process through its Mayor Donna K. Burke, 25 Alpenrosen Strasse, The City of Helen, Georgia 30545.

A.    **Individual Coverage:**

14.

From on or about July 2012 until July 8, 2015, Mr. Couch has been "engaged in commerce" as an employee of The City of Helen, Georgia as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

B.    **Enterprise Coverage:**

15.

From on or about July 2012 until July 8, 2015, The City of Helen, Georgia was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

16.

From on or about July 2012 until July 8, 2015, The City of Helen, Georgia was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

17.

During 2012, The City of Helen, Georgia had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

18.

During 2013, The City of Helen, Georgia had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

19.

During 2014, The City of Helen, Georgia had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

20.

During 2015, The City of Helen, Georgia had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

21.

During 2012, The City of Helen, Georgia had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2013, The City of Helen, Georgia had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

23.

During 2014, The City of Helen, Georgia had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

24.

During 2015, The City of Helen, Georgia had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

C.    **Factual Allegations:**

25.

At all times material hereto, Mr. Couch was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

26.

At all times material hereto, The City of Helen, Georgia did not employ Plaintiff in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

27.

At all times material hereto, The City of Helen, Georgia did not employ Mr. Couch in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

28.

At all times material hereto, The City of Helen, Georgia did not employ Mr. Couch in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

29.

At all times material hereto, The City of Helen, Georgia compensated Mr. Couch on a salaried basis.

30.

At all times relevant hereto, Mr. Couch's discretion in making decisions was limited and closely circumscribed by the policies and procedures set out by The City of Helen, Georgia.

31.

At all times relevant hereto, Mr. Couch reported to the City Manager, Jerry M. Elkins.

32.

At all times relevant hereto, Jerry M. Elkins supervised Mr. Couch's performance of his duties as Helen's Chief of Police.

33.

At all times relevant hereto, Jerry M. Elkins was aware of the number of hours that Mr. Couch was working.

34.

At all times relevant hereto, Jerry M. Elkins exercised authority and supervision over Mr. Couch's compensation.

35.

At all times relevant hereto Mr. Couch was required to expend a majority of his working hours in performing functions that were not exempt under the FLSA.

36.

At all times relevant hereto Mr. Couch's duties included rescuing crime and accident victims.

37.

At all times relevant hereto Mr. Couch's duties included preventing or detecting crimes.

38.

At all times relevant hereto Mr. Couch's duties included conducting investigations and inspections for violations of law.

39.

At all times relevant hereto Mr. Couch's duties included performing surveillance.

40.

At all times relevant hereto Mr. Couch's duties included pursuing, restraining and apprehending suspects.

41.

At all times relevant hereto Mr. Couch's duties included detaining or supervising suspected and convicted criminals.

42.

At all times relevant hereto Mr. Couch's duties included interviewing witnesses.

43.

At all times relevant hereto Mr. Couch's duties included interrogating and fingerprinting suspects.

44.

At all times relevant hereto Mr. Couch's duties included preparing investigative reports.

45.

At all times relevant hereto Mr. Couch's duties included directing traffic.

46.

At all times relevant hereto Mr. Couch's duties included code enforcement which consisted of, but was not limited to, noting home and business owners to be issued citations for numerous violations such as noncompliance with sign ordinances and grass being too high.

47.

During the relevant time period, Mr. Couch's primary duties included the duties of a first responder as set forth in 29 C.F.R. Section 541.3(b).

48.

At all times material hereto, the City of Helen, Georgia misclassified Mr. Couch as exempt from the overtime pay provisions of the FLSA.

49.

At all times material hereto, the City of Helen, Georgia misclassified Mr. Couch as exempt from the maximum hour protections of the FLSA as set forth in FLSA § 7, 29 U.S.C. § 207(k).

50.

At all times material hereto, the City of Helen, Georgia was not exempt from the overtime pay provisions of the FLSA pursuant to 29 U.S.C. §13(a)(1).

51.

At all times material hereto, Mr. Couch was entitled to compensation at one and one half times his regular rate for all work performed in excess of 40 hours in each work week.

### COUNT I.  FAILURE TO PAY OVERTIME

#### 52.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

#### 53.

At all times material hereto, Mr. Couch has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

#### 54.

During his employment with the City of Helen, Georgia, Mr. Couch was regularly "on call" to respond to crimes and accidents on behalf of the City of Helen, Georgia.

#### 55.

At all times relevant, the City of Helen, Georgia regularly scheduled Mr. Couch to work Monday through Friday from 8:30 a.m. until 5:00 p.m.

#### 56.

At all times relevant, the City of Helen, Georgia also scheduled Mr. Couch to work on weekends during Southern Worthersee (also known as "SoWo") each year.

57.

At all times relevant, the City of Helen, Georgia also scheduled Mr. Couch to work on weekends during other special events and holidays including, but not limited to, Oktoberfest, Fourth of July, parades and numerous other City sponsored and private events.

58.

During his employment with the City of Helen, Georgia, Mr. Couch normally did not take a designated lunch break and performed work related tasks while eating lunch.

59.

During his employment with the City of Helen, Georgia, Mr. Couch regularly worked in excess of forty (40) hours each week.

60.

Rather than paying Mr. Couch for the overtime that he worked, the City of Helen, Georgia converted all overtime hours worked by Plaintiff into "comp time."

61.

Pursuant to 29 U.S.C. § 207(o)(3), once Mr. Couch accrued 480 hours of compensatory time, the FLSA required the City to pay him in cash for any overtime worked.

62.

From July 2012 through July 8, 2015, Mr. Couch accrued approximately 882.75 hours of "comp time" that he had not used.

63.

Upon his termination on July 8, 2015, Mr. Couch was legally entitled to be paid for all the "comp time" hours he had accrued but had not used as of that time pursuant to 29 U.S.C. § 207(o)(4).

64.

As of the date of filing of this Complaint, The City of Helen, Georgia has failed and refused to compensate Mr. Couch for the comp time he accrued from July 2012 through July 8, 2015.

65.

The City of Helen, Georgia failed to pay Mr. Couch at one and one half times his regular rate for work in excess of forty (40) hours in any week from July 2012 through July 8, 2015.

66.

The City of Helen, Georgia willfully failed to pay Mr. Couch at one and one half times his regular rate for work in excess of forty (40) hours in any week from July 2012 through July 8, 2015.

67.

Mr. Couch is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

68.

As a result of the underpayment of overtime compensation as alleged above, Mr. Couch  is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

69.

As a result of the underpayment of overtime compensation as alleged above, Mr. Couch is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II.  PROMISSORY ESTOPPEL

70.

At all times relevant hereto The City of Helen, Georgia maintained a policy, practice, and custom of compensating its Police Chief for all time he worked in excess of 40 hours in a pay period by allowing him to accrue compensatory time in lieu of payment for overtime, which he could redeem by taking paid time off or by payment for any accrued-but-unused compensatory time at the rate of pay applicable at the time of redemption.

71.

At all times relevant hereto The City of Helen, Georgia promised Plaintiff that he would compensated for all time he worked in excess of 40 hours in a pay period by allowing him to accrue compensatory time in lieu of payment for overtime, which he could redeem by taking paid time off or by payment for any accrued-but-unused compensatory time at the rate of pay applicable at the time of redemption.

72.

At all times relevant hereto The City of Helen, Georgia reasonably should have expected Mr. Couch to rely upon its promise to compensate him for all time he worked in excess of 40 hours in a pay period by allowing him to accrue compensatory time in lieu of payment for overtime, which he could redeem by taking paid time off or by payment for any accrued-but-unused compensatory time at the rate of pay applicable at the time of redemption.

73.

At times relevant hereto Mr. Couch worked in excess of 40 hours in 7 day pay periods in reliance upon The City of Helen, Georgia's policy, practice and custom of compensating him for such overtime by allowing him to accrue comp time for such overtime which he could redeem by taking paid time off or by payment for any accrued-but-unused compensatory time at the rate of pay applicable at the time of redemption.

74.

At all times relevant hereto when Mr. Couch worked in excess of 40 hours in a seven day pay period he did so in reliance upon The City of Helen, Georgia's promise to compensate him for all time he worked in excess of 40 hours in a pay period by allowing him to accrue compensatory time in lieu of payment for overtime, which he could redeem by taking paid time off or by payment for any accrued-but-unused compensatory time at the rate of pay applicable at the time of redemption.

75.

At all times relevant hereto when Mr. Couch worked in excess of 40 hours in a seven day pay period he did so in reasonable reliance upon The City of Helen, Georgia's policy, practice and custom of compensating its police chief for all time he worked in excess of 40 hours in a pay period by allowing him to accrue compensatory time in lieu of payment for overtime, which he could redeem by taking paid time off or by payment for any accrued-but-unused compensatory time at the rate of pay applicable at the time of redemption.

76.

An injustice can be avoided only by the enforcement of The City of Helen, Georgia's policy, practice and custom of compensating Plaintiff for his accrued-but-unused compensatory time at the rate of pay applicable at the time of his termination.

77.

An injustice can be avoided only by enforcing The City of Helen, Georgia's promise to compensate Plaintiff for his accrued-but-unused compensatory time at the rate of pay applicable at the time of his termination.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

(a)    Take jurisdiction of this matter;

(b)     Issue an Order holding Defendant to be an "employer" as that term is defined under the FLSA;

(c)    Grant a trial by jury as to all matters properly triable to a jury;

(d)    Issue a judgment declaring that Plaintiff was covered by the provisions of the FLSA and that Defendant has failed to comply with the requirements of the FLSA;

(e)    Award Plaintiff proper payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due Plaintiff, as required by the FLSA;

(f)    Award Plaintiff prejudgment interest on all amounts owed;

(g)    Award Plaintiff nominal damages;

(h)    Issue a judgment declaring that Plaintiff prevail on his claim of

promissory estoppel and issue an Order enforcing Defendant's policy, custom, practice and promise to Plaintiff to compensate him for overtime worked with compensatory time;

(i)     Award Plaintiff his reasonable attorney's fees and costs of litigation; pursuant to 29 U.S.C. § 216(b) and O.C.G.A. § 13-6-11; and

(j)     Enter judgment for Plaintiff in an amount reflecting the award of all damages and relief requested in this Complaint; and

(k)     Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted,


3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
michaelcaldwell@dcbflegal.com
benjamin@dcbflegal.com

DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC

/S/MICHAEL A. CALDWELL
MICHAEL A. CALDWELL
GA. BAR NO. 102775

/S/MITCHELL D. BENJAMIN
MITCHELL D. BENJAMIN
GA. BAR NO. 049888

COUNSEL FOR PLAINTIFF